IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW M. SHECKTOR and<br>JEAN B. MARSHMAN | : | CIVIL ACTION |
| v. | : | HON. JOHN E. JONES, III |
| LOUISVILLE LADDER, INC. | : | NO. 4:09-cv-1570 |

**BRIEF IN SUPPORT OF THE
MOTION OF DEFENDANT, LOUISVILLE LADDER, INC., TO COMPEL
THE DEPOSITION OF PLAINTIFFS' LIABILITY EXPERT AND FULL
EXPERT DISCLOSURES FROM PLAINTIFFS**

**I.   PROCEDURAL HISTORY OF THE CASE**

Plaintiffs, Andrew M. Shecktor and Jean B. Marshman, commenced this product liability action sounding in negligence by filing a Writ of Summons in the Court of Common Pleas of Montgomery County, Pennsylvania on July 16, 2008, and later filed a Complaint in civil action on January 12, 2009. Defendants timely removed this action to the Eastern District of Pennsylvania on February 3, 2009, and subsequently successfully transferred the venue of this matter to this Court.

**II.   STATEMENT OF FACTS**

Plaintiffs' Complaint alleges that on July 16, 2006, Andrew Shecktor was using an aluminum extension ladder designed, manufactured and/or sold by the Defendants at his home. Plaintiffs' Complaint further alleges that Mr. Shecktor was injured while using the ladder to trim trees. The Complaint contains generic allegations of negligence against the Defendants.

In addition to exchanging Rule 26 disclosures and plaintiffs answering written discovery, the parties have completed an inspection of the scene and ladder, and taken the depositions of Andrew Shecktor, Kimberly Shecktor and Jean Marshman. Plaintiffs have not served a single written discovery request on Defendants, and have not requested or scheduled any depositions of their own.

The Court conducted a Case Management Conference in this matter on November 30, 2009 and issued an initial Case Management Order (Doc. No. 29) that same date. Due to delays caused solely by Plaintiffs and/or their attorney, the parties have been required to obtain five extensions of the Case Management Deadlines in this matter (Doc. Nos. 33, 35, 37, 47, 54).

Pursuant to this Court's Order of March 10, 2011, Plaintiffs' Expert Disclosures Pursuant to Rule 26(a)(2)(B) were required to be served upon Defendant on or before March 31, 2011. In accordance with this Order, Plaintiffs served a report and Curriculum Vitae from a liability expert, Richard Hughes, P.E., but no other expert reports. Immediately upon receipt of the report of Richard Hughes, P.E., counsel for Defendant requested the deposition of Mr. Hughes, and requested production of Mr. Hughes' Fee Schedule and Testimony Log in accordance with Rule 26(a)(2)(B).

After numerous requests, the parties finally reached an agreement to schedule the deposition of Mr. Hughes on May 11, 2011, and Defendant agreed to pay Mr. Hughes' deposition fee of $1,500.00. A true and correct copy of a letter dated April 28, 2011 and the Notice of Deposition of Richard Hughes, P.E. is attached hereto as Exhibit "A." On May 10, 2011, counsel for Plaintiffs advised counsel for Defendant that Mr. Hughes would not be deposed on May 11, 2011, claiming there had been a scheduling error in his office. The parties subsequently rescheduled the deposition of Mr. Hughes for May 24, 2011. A true and correct copy of the letter from counsel regarding the rescheduling of the deposition and the Amended Notice of Deposition of Richard Hughes, P.E. dated May 19, 2011 is attached hereto as Exhibit "B" and incorporated by reference herein. Late in the afternoon on May 23, 2011, Plaintiffs' counsel contacted counsel for Defendant and advised that Mr. Hughes was refusing to give a deposition in this matter. No further explanation was provided, and no attempt was made to reschedule the deposition. A true and correct copy of the letter of defense counsel regarding outstanding discovery issues and the deposition of Mr. Hughes is attached hereto as Exhibit "C" and incorporated by reference herein. Further, despite numerous promises to provide the Testimony Log and Fee Schedule of Mr. Hughes, Plaintiffs have refused to provide same.

After the March 31 deadline for producing expert reports, Plaintiffs produced the report of a vocational expert, Philip Spergel, Ed.D., on April 16, 2011. However, Plaintiffs failed to provide the Rule 26 Testimony Log and Fee Schedule for Mr. Spergel, despite the requirements of the Rule and numerous requests by counsel for Defendant.

Plaintiffs' counsel has now advised counsel for Defendant that he intends to produce the report of a medical expert, which has not been produced as of the filing of this motion.

### III. STATEMENT OF QUESTIONS INVOLVED

**A. Whether this Court Should Compel Plaintiffs to Produce their Liability Expert for Deposition and Complete Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a), where Plaintiffs have Failed to Produce Complete Disclosures Prior to the March 31, 2011 Deadline, Plaintiff's Liability Expert has Failed to Appear for Two Properly Noticed Depositions and Plaintiffs have Refused to Resolve the Dispute?**

Suggested Answer: Yes

### IV. ARGUMENT

It is clear that Federal Rule of Civil Procedure 26(a) requires the disclosure of expert witnesses and their written reports. Rule 26(a)(2)(c) provides that "these disclosures should be made at the times and in the sequence directed by the court." Pursuant to Rule 37(c)(1), failure to comply with Rule 26 precludes a party from using at Trial expert testimony that was not timely or fully disclosed.

This Court's Scheduling Orders have established a schedule for the orderly and efficient production of expert reports in this matter and the completion of expert depositions so that the parties could file timely dispositive motions. Plaintiffs have willfully and in bad faith failed to comply with this Court's Orders and the Rules of Civil Procedure, and have unfairly prejudiced the ability of Louisville Ladder to prepare its expert disclosures and file dispositive motions and prepare this matter for Trial. Plaintiffs offer no excuse for their failure to produce Richard Hughes, P.E. for deposition, serving late expert disclosures, and not fully complying with the requirements of Federal Rule 26(a)(2)(B). Louisville Ladder cannot prepare their expert disclosures until they have received and analyzed Plaintiffs' complete expert disclosures, and have had the opportunity to take the deposition of Plaintiffs' liability expert. Accordingly, Louisville Ladder seeks an Order compelling this discovery.

Furthermore, Louisville Ladder Defense has on two occasions prepared for the deposition of Plaintiffs' liability expert, Richard Hughes, P.E., only to have the deposition canceled at the last minute after defense counsel had spent considerable time preparing for the depositions. Louisville Ladder requests the imposition of sanctions against Plaintiffs due to the bad faith cancellation of the depositions.

**WHEREFORE**, Defendant, Louisville Ladder, Inc., respectfully requests this Honorable Court to enter an Order in the form attached.

                                    **SWEENEY & SHEEHAN**

By: /s/ J. Michael Kunsch
      J. Michael Kunsch
      Identification No. 61922
      Attorney for Defendants
      19th Floor, 1515 Market St.
      Philadelphia, PA 19102
      PHONE: (215) 563-9811
      FAX: (215) 557-0999
      michael.kunsch@sweeneyfirm.com

DATE: JUNE 14, 2011