IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW M. SHECKTOR and <br> JEAN B. MARSHMAN, | : <br> : <br> : | No. 4:09-CV-1570 |
| Plaintiffs, | : <br> : | Hon. John E. Jones III |
| v. | : <br> : | |
| LOUISVILLE LADDER, INC., | : <br> : | |
| Defendant. | : | |

**MEMORANDUM**

**October 18, 2012**

Presently pending before the Court is the Second Motion for Summary Judgment (doc. 90) filed by the Defendant, Louisville Ladder, Inc., counsel having been granted an enlargement of time to file same by Order of this Court (doc. 89) dated July 12, 2012. Pursuant to Local Rule 7.6 and this Court's Order (doc. 102) dated October 5, 2012, because the Plaintiffs have failed to respond to the said Motion, it shall be deemed unopposed. For the reasons detailed herein, we will grant the Motion in its entirety and enter judgment in favor of the Defendant.

**I. PROCEDURAL HISTORY**

Plaintiffs Andrew M. Shecktor and Jean B. Marshman (collectively, "Plaintiffs") commenced the instant products liability action on July 16, 2008 with the filing of a Writ of Summons in the Court of Common Pleas of Montgomery

County, Pennsylvania. (Doc. 1-3). A Complaint (Doc. 1-4) naming both Defendant and Wal-Mart Stores, Inc., as defendants was later filed on January 12, 2009.[1] On February 3, 2009, Defendant timely removed this action the United States District Court for the Eastern District of Pennsylvania (Doc. 1). On June 9, 2009, the action was transferred to this Court on motion of the Defendant.

Discovery was completed by the July 29, 2011 deadline. Thereafter, on August 30, 2011, Defendant filed a motion for summary judgment. (Doc. 64). We referred the motion to Magistrate Judge Mannion for a report and recommendation ("R&R"), (Doc. 67), and on February 27, 2012, Magistrate Judge Mannion issued an R&R recommending that this Court deny the Motion in its entirety, noting that issues of fact persisted with respect to the report and conclusions of the Plaintiffs' proffered expert witness, Richard Hughes, P.E. (Doc. 78). Neither party objected to the R&R, and this Court adopted it in full on March 19, 2012. (Doc. 79).

On April 17, 2012, Defendant filed a *Daubert*[2] Motion (docs. 81, 82) seeking preclusion of Hughes as an expert witness. As the parties are aware, shortly thereafter, on April 24, 2012, Mr. Philip J. Berg, counsel for the Plaintiffs,

---

[1] Wal-Mart was dismissed as a defendant by Order of this Court (Doc. 53) dated March 10, 2011, granting the parties' Joint Stipulation of Dismissal of Wal-Mart Stores, Inc. (Doc. 52). Accordingly, where this Memorandum Opinion references "Defendant," we refer to the sole remaining defendant, Louisville Ladder, Inc.

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, 597 (1993).

filed a Motion for Extension of the Trial Date (doc. 83) asserting that ongoing medical complications rendered him unable to tend to his practice. We granted the Motion, placed the case on the November 2012 trial term, and vacated the case management deadlines. (Doc. 84). The Order did not vacate controlling deadlines with respect to the pending Motion. (*Id.*). The deadline for filing opposition papers expired, and this Court issued an Order (doc. 85) admonishing Plaintiffs' counsel that failure to file responsive papers would result in the Court deeming the Motion unopposed. (*Id.*). Despite the Court's courtesies, Plaintiffs' counsel failed to oppose the Motion, and on July 10, 2012, the Court, after considered analysis of Hughes' report and qualifications, granted the Defendant's *Daubert* Motion and precluded Hughes' testimony and report from admission at trial. (Doc. 86).

On July 19, 2012, with leave of Court, the Defendant filed a Second Motion for Summary Judgment (doc. 90) and supporting brief. On August 10 and August 11, 2012, respectively—and notably *after* the opposition brief deadline had expired—counsel for the Plaintiffs filed a Motion for Relief from Judgment (doc. 93), seeking the Court to reconsider its decision precluding Hughes' testimony, and a Motion to Stay Summary Judgment Proceedings (doc. 96), which sought a stay of all proceedings pending resolution of the Motion for Relief. Following a brief stay of proceedings pending briefing of the Plaintiffs' Motion for Relief, on

September 18, 2012, entered an Order (doc. 101) denying the Plaintiffs' Motion.

As noted above, Plaintiffs' opposition brief deadline expired before the Plaintiffs filed papers seeking a stay of those deadlines. However, in an abundance of caution and for the sake of affording the Plaintiffs a fair opportunity to litigate, an opportunity Plaintiffs' counsel seems intent upon denying them, the Court entered an Order (doc. 102) providing Plaintiffs an additional five (5) days in which to file responsive papers and admonishing Plaintiffs that failure to do so would serve as an indication to the Court that the Motion is unopposed. Nearly two weeks have passed since that Order issued, and the Court has not received opposition papers. Defendant's Motion for Summary Judgment shall thus be deemed unopposed.

## II. STATEMENT OF FACTS

The following facts are derived from the Defendant's Statement of Facts (doc. 91), the totality of which are deemed admitted by Plaintiffs' failure to respond specifically or generally thereto pursuant to Local Rule of Court 7.6.

The sole count of the Plaintiffs' Complaint asserts a negligence claim against the Defendant and alleges that Plaintiff Andrew Shecktor ("Shecktor") was injured on July 16, 2006, while using Defendant's Model L-2323-16 extension ladder to trim tree branches on his property. (Doc. 1). The subject ladder is

composed of a base section and an upper movable "fly" section. (Doc. 91, ¶ 7). Each section is eight feet long and constructed with two side rails connected by rungs, spaced every foot along the side rails. (*Id.*). The base section has shoes affixed to the bottom of each side rail. (*Id.* ¶ 8). These shoes are attached to the ladder with a fixed bolt in the rail which passes through a slot in the shoe. (*Id.*). The slot design allows the shoes to swivel to be positioned on different surfaces and also permits the shoes to move vertically, so that the shoes can be positioned flat where the ground elevations are different between the left and right sides of the ladder. (*Id.*).

Shecktor purchased the subject ladder on November 25, 2005 from Home Depot. (*Id.* ¶ 10). Prior to the July 16, 2006 incident, Shecktor used the subject ladder twice. (*Id.* ¶ 11). He reports no problems with the subject ladder prior to the incident at issue in this litigation. (*Id.* ¶ 13). Shecktor stated that he had read all warnings and labels on the ladder prior to July 16, 2006. (*Id.* ¶ 12).

On July 16, 2006, Shecktor set out to use the ladder to cut three dead tree branches from a 120' pine tree in his backyard. (*Id.* ¶ 14). Shecktor made the initial cuts from the ground using a pruning shear and then climbed the ladder to make the final cut on each of the three branches. (*Id.* ¶ 16). Shecktor set the ladder up with the feet flat on the ground, two rungs overlapping, and the rung locks locked.

5

(*Id.* ¶ 15). Shecktor made the final cut of the first two branches without incident. (*Id.* ¶ 16). He admits that there was no instability in the ladder while he was climbing and that the ladder did not flex or otherwise move while he was cutting the branches. (*Id.* ¶ 21).

As Shecktor attempted to reach the third branch, he climbed the ladder to the seventh rung with his left hand on the rung of the ladder and his right hand holding a pruning shear. (*Id.* ¶¶ 17-18). Shecktor admits that he was supposed to keep his body centered between the rails of the subject ladder. (*Id.* ¶ 19). Instead of moving the ladder closer to the third and final branch, Shecktor reached as far as he could to his right to cut the branch, still holding on to the ladder with only one hand while wielding the pruning shears in the other. (*Id.*). As Shecktor was cutting the third branch, it twisted and fell toward him; as it did so, the branch grabbed the pruning shear and pulled Shecktor and the ladder slightly off-center to the right. (*Id.* ¶ 22). Shecktor then released the tool and the ladder moved back to the left, at which point he put his right hand back on the ladder and began to descend. (*Id.* ¶¶ 23-24). When Plaintiff took his first step, the left rail of the ladder dropped 1"-2" to the left. (*Id.* ¶ 25). Plaintiff jumped off the ladder, landing on both of his feet and suffering fractures. (*Id.*). Plaintiff does not know what position the ladder's shoes were in during the incident. (*Id.* ¶ 23).

The Plaintiffs allege that the Defendant negligently designed the ladder, specifically the foot mechanism of the ladder, thus causing Shecktor to suffer injury. Plaintiffs' theory of liability is that the slotted design of the feet on the subject ladder is defective because the slotted bolt hole in the shoe allows for improper slope of the ladder.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a fact finder could draw therefrom. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## IV. DISCUSSION

As noted above, the Plaintiffs' sole claim against the Defendant sounds in negligence. The elements of a negligence claim are well-settled: the Plaintiffs must establish: "(1) a duty or obligation, recognized by law, requiring Defendant to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another." *Nilson v. Hershey Entm't & Resorts Co.*, 649 F. Supp. 2d 378, 386 (M.D. Pa. Aug. 24, 2009).

The third element, causation, requires the Plaintiffs to establish "*both* cause in fact (or physical cause) and proximate (or legal) cause." *Galullo v. Fed. Express Corp.*, 937 F. Supp. 392, 394-95 (E.D. Pa. June 24, 1996) (emphasis in original)). Factual causation requires "proof that the alleged injury would not have occurred but for the negligent conduct of the defendant," whereas proximate causation requires a showing that the alleged negligent actions "were a substantial factor in bringing about the plaintiff's harm." *Id.* at 395. In products liability cases, the opinion of an expert witness familiar with the intricacies of the allegedly defective product–both generally and specifically to the particular case–and who has been determined to be competent to testify as an expert witness by the court is often critical in establishing causation. *See, e.g.*, *Dion v. Graduate Hosp. of Univ. of Pa.*,

520 A.2d 876, 881 (Pa. 1987) (expert testimony generally required in complex products liability actions).

A review of the record reveals an utter dearth of evidence supporting the Plaintiffs' theory that the ladder was negligently designed or that said negligent design was the cause in fact and law of Plaintiffs' injuries. While the Plaintiffs complain that the ladder's slotted shoe design was defective and directly caused Shecktor's injury, such blanket assertions, absent corroborating evidence, are insufficient to carry a cause of action beyond the summary judgment phase. *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) ("To survive summary judgment, a party must present more than ... 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue."). Notably, as the Third Circuit has observed, the "mere possibility of such causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Fedorczyk v. Caribbean Cruise Lines*, 82 F.3d 69, 75 (3d Cir. 1996). As noted hereinabove, Defendant's successful prosecution of its *Daubert* motion has left Plaintiff without any expert testimony whatsoever. In the absence of that expert causation testimony—indeed, absent even a scintilla of evidence tending to support the Plaintiffs' theory of the case—the Court is

compelled to enter judgment in the Defendant's favor.

## V.   CONCLUSION

For all of the reasons stated herein, we will grant the Defendant's unopposed Second Motion for Summary Judgment (doc. 90) and enter judgment in the Defendant's favor. An appropriate Order shall issue.